# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 09-09040-JW |
| | Chapter 13 |
| Brenda D. Eichelberger, | **ORDER** |
| Debtor(s). | |

This matter comes before the Court on the Motion for Relief from Automatic Stay and to Prohibit or Condition Use of Estate Property ("Motion") filed by Patrick Eichelberger and Wateree Plaza (collectively, "Movants"). Brenda D. Eichelberger ("Debtor") filed an Objection to the Motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. Pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c), the Court makes the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

1. Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on December 3, 2009. Debtor filed her schedules and statements simultaneously with her petition.

2. In Schedule A, Debtor listed ownership of an undivided one-half interest, as tenant in common, in a parcel located at 2257 Lake Murray Blvd., Columbia, SC (TMS # 002677-01-007) ("Lake Murray Property"). Debtor listed the value of her interest in the Lake Murray Property as $66,000. Debtor also listed ownership of an undivided one-quarter interest, as tenant in common, in a parcel located at 1236 Lexington Avenue, Irmo, SC ("Irmo Property"). Debtor listed the value of her interest in

the Irmo Property as $22,500. Both the Lake Murray Property and Irmo Property (collectively, the "Properties") are unencumbered.

3. Patrick Eichelberger also holds an undivided one-half interest in the Lake Murray Property and an undivided one-quarter interest in the Irmo Property. Patrick Eichelberger is Debtor's nephew.

4. Debtor and Patrick Eichelberger each obtained their interests in the Properties, as beneficiaries of the Estate of Gertrude Eichelberger, through a Deed of Distribution filed in the Lexington County Register of Deeds Office on July 14, 2009. Gertrude Eichelberger, who is Debtor's mother and Patrick Eichelberger's grandmother, died on June 4, 2007. The probate of Gertrude Eichelberger's estate is currently pending in the probate court of Lexington County under case no. 2007-ES-32-00566. Debtor was the personal representative of the Gertrude Eichelberger's estate until September 20, 2010, when she was removed as personal representation due to questions regarding her administration of the estate's liquid assets.

5. Debtor currently resides at the Lake Murray Property and allows her son to live in a mobile home that is also located on the Lake Murray Property. She began residing at the Lake Murray Property in mid-2008.

6. Debtor filed her petition for relief under the Bankruptcy Code in order to prevent the Lake Murray Property from being sold at a tax sale.

7. Due to the substantial amount of non-exempt equity in the Properties, Debtor proposes a plan with a monthly payment obligation of $1,086, with a significant portion of that payment being allocated to the payment of unsecured claims.

8. Debtor and Patrick Eichelberger no longer have a close familial relationship and have not spoken to each other since February of 2010.

9. On March 17, 2011, Patrick Eichelberger entered into a written agreement of sale and purchase with Wateree Plaza ("Agreement") for the sale of Patrick Eichelberger's interests in the Lake Murray Property and the Irmo Property, which was conditioned upon the release of the properties from the Bankruptcy Court's jurisdiction. The purchase price under the Agreement was $10,000, less certain expenses or advances incurred prior to the date of the agreement, including a loan from Wateree Plaza to Patrick Eichelberger in the amount of $1,300, survey costs of $750 paid by Patrick Eichelberger, and legal expenses incurred by Wateree Plaza as of December 1, 2010 in the amount of $1,400. The Agreement further provided that Wateree Plaza agreed to diligently pursue the purchase of the remaining interests in the two properties through negotiations or partition action in Circuit Court in Lexington County.

10. Since he obtained his interest in the Lake Murray Property and the Irmo Property in 2009, Patrick Eichelberger has not received any benefits from ownership of the Properties either through personal use or receipt of income deriving from the Properties.

11. At the hearing on the Motion, Don Taylor, as general partner of Wateree Plaza, testified that Wateree Plaza intends to use the Lake Murray Property to provide access to property it owns to the rear of the Lake Murray Property. He further testified that the access Wateree Plaza seeks does not require it to obtain ownership of the portion of the Lake Murray Property that includes Debtor's residence. Wateree Plaza does not have specific plans for its use of the Irmo Property.

**CONCLUSIONS OF LAW**

Movants seek relief from the automatic stay pursuant to 11 U.S.C. § 362(d) in order to consummate their contract for the purchase and sale of Patrick Eichelberger's interest in the Properties and to institute and prosecute an action in state court to partition the Properties.[1]

Section 362(d)(1) provides that the Court shall grant relief from the automatic stay by terminating, annulling, modifying, or conditioning such stay for cause, including the lack of adequate protection of an interest in property of such party in interest. Since the Bankruptcy Code does not define what constitutes "cause," the Fourth Circuit has stated that courts must determine whether relief from the automatic stay is appropriate on a case-by-case basis. Robbins v. Robbins (In re Robbins), 964 F.2d 342, 345 (4th Cir. 1992). In doing so, "the court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Id. In Robbins, the Fourth Circuit set forth the following factors that courts should consider in deciding whether to lift the automatic stay:

(1) Whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;

(2) Whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and

---

[1] The Motion also sought an order prohibiting the use of the Lake Murray Property by Debtor or, alternatively, conditioning her use of such property to permit the Movants to realize their interest in it, pursuant to 11 U.S.C. § 363(e). However, this relief was not pursued or addressed at the hearing on the Motion. In light of the ruling contained herein and the Movants' failure to address this issue at the hearing, the Court finds it unnecessary to consider this portion of the Motion.

  (3) Whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

Id. at 345.

  Although Movants do not have a partition action presently pending in state court, it appears that the Robbins factors would govern their motion, which seeks relief from stay in order to commence the partition action. Under South Carolina law, every tenant in common has the right to demand partition. See S.C. Code Ann. § 15-61-10 (providing that "all joint tenants and tenants in common… shall be compellable to make severance and partition…."). Actions for partition of property are equitable actions, which are governed by state law. See Zimmerman v. Marsh, 365 S.C. 383, 386, 618 S.E.2d 898, 901 (2005). The issues involved in a partition action involve only state law and thus do not require the bankruptcy court's specialized knowledge. In re Nims, No. 11-15968-TJC, 2011 WL 1402771, at *4 (Bankr. D.Md. Apr. 13, 2011). Patrick Eichelberger holds an undivided one-half interest in the Lake Murray Property and an undivided one-quarter interest in the Irmo Property, which interests are not property of Debtor's estate. He is presently being deprived of any use, enjoyment, or economic benefit from the Properties, and if relief from stay is not granted, he will continue to be deprived of such benefits for a period of five years while Debtor pursues repayment of her creditors through her proposed plan.[2] It appears that judicial economy would be promoted by allowing relief from stay to allow pursuit of the partition action in state court because otherwise the matter would likely have to be pursued in the bankruptcy court.

---

[2]  Debtor did not indicate an intention to provide any benefits of ownership to Patrick Eichelberger through the payment of rent or otherwise while her bankruptcy case is pending.

Debtor argues that the Movants are adequately protected by the substantial equity in the Properties and that the Properties are necessary for her effective reorganization. However, Patrick Eichelberger's interest in the property cannot be "adequately protected" through monthly payments or the existence of equity. As a tenant in common, Patrick Eichelberger has an undivided interest in the Properties with rights to use and enjoy the Properties which are equal to those possessed by Debtor.[3]

If the stay is lifted and she is required to retain counsel for the partition action, Debtor argues that she will be unable to make her payments to the Trustee, which will harm her creditors.  The Court finds that the hardship that would result to Patrick Eichelberger if he was required to wait for Debtor to complete her plan to receive the benefits of his ownership of the Properties outweighs the hardship that Debtor would experience if the stay was lifted and the partition action was allowed to proceed.  The Movants' proposed division of the Lake Murray Property does not propose to alter or prevent Debtor's continued occupation of the residence on that property.  Moreover, the state court is required under state law to conduct partition in a manner that is fair and equitable to all parties of the action. Campbell v. Jordan, 382 S.C. 445, 450, 675 S.E.2d 801, 804 (Ct. App. 2009). With the exception of her continued use of the residence on the Lake Murray Property, there is no evidence in the record indicating that Debtor's full use and enjoyment of the Properties, to the exclusion of Patrick Eichelberger, is necessary for her reorganization or that a fair and equitable partition of the Properties would be detrimental to her creditors. The estate's interest in the Properties can be protected by a

---

[3]   During the hearing, Movants also raised the issue of whether Debtor's alleged misconduct as personal representative of the estate of Gertrude Eichelberger gave Patrick Eichelberger additional equitable interests in the Properties and a possible claim against the Debtor's estate.  The Court finds it unnecessary to determine this issue for purposes of deciding the Motion.

requirement that any proceeds due to Debtor as a result of the partition action be paid to the Chapter 13 Trustee, who will distribute such proceeds to Debtor's creditors.

Movants have agreed to waive any claim that may arise under 11 U.S.C. § 503(b) or § 507(b) as a result of this Order.

Based on the foregoing, the Court finds that cause exists for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). Accordingly, the Motion is granted and the Movants are authorized to consummate their contract and pursue an action in state court to partition the Properties. Any proceeds due to Debtor as a result of the partition action shall be paid to the Chapter 13 Trustee for administration and distribution in this case.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**05/31/2011**



Entered: 05/31/2011

*/s/ John E. Waites*

Chief US Bankruptcy Judge
District of South Carolina